**FILED & ENTERED**

**FEB 23 2023**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY gooch    DEPUTY CLERK**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>PATRICIA ANN DOUBLET,<br><br>               Debtor. | Case No.: 6:22-bk-11243-WJ<br><br>CHAPTER 13<br><br>**MEMORANDUM OF DECISION REGARDING THE MOTION BY THE TRUSTEE TO DISMISS THIS CASE**<br><br><u>Hearing Date</u>:<br>Date:  February 27, 2023<br>Time:  11:00 a.m.<br>Ctrm.:  304 |

**I.    INTRODUCTION.**

A status conference and continued confirmation hearing are currently scheduled for February 27, 2023 at 11:00 a.m.  On February 8, 2023, Rod Danielson, the chapter 13 trustee ("Trustee"), timely filed a motion to dismiss this case [docket #58].  The debtor, Patricia Ann Doublet ("Debtor"), filed opposition to the motion to dismiss on February 20, 2023 [docket #59] with an incorrect hearing date and another duplicate response on February 21, 2023 with the correct hearing date [docket #60] (collectively, the "Opposition").

Having considered the pleadings, the Court finds that the Trustee's motion should be granted for the reasons set forth in the motion.  Therefore, the Court finds that no oral argument is necessary and, pursuant to Rule 9013-1(j)(3) of the Local Bankruptcy Rules, the Court hereby takes off calendar the confirmation hearing and the status conference and waives appearances.  No hearings shall occur.

**II.    THE TARDINESS OF THE DEBTOR.**

The Trustee seeks dismissal based on the failure of the Debtor to timely make plan payments.  The motion by the Trustee contains a declaration explaining in detail the default in payments (which is nearly $5,000).  In response, the Debtor filed the Opposition which consist entirely of one-sentence and no declaration or evidence.  The Opposition (in its entirety) states: "Debtor, Patricia Ann Doublet, hereby opposes the Trustee's Motion to Dismiss and Objection to Plan Confirmation on the grounds that she is current on payments and the Motion is moot."  This perfunctory one-sentence response is not adequate.

The "opposition" brief offered no evidence, argument or basis upon which the Court could deny the motion to dismiss.  The "opposition" brief lacked substance and failed to include any evidence.  The "opposition" does not mention the evidence in the declaration provided by the Trustee and does not provide any of its own evidence.  The "opposition" brief failed to provide any explanation for why the Debtor failed to make plan payments timely.  Therefore, the motion to dismiss this chapter 13 case is effectively unopposed.

1  One-sentence briefs lack substance and other cases have held similarly. For example, in Rodriguez-Santana v. Hosp. Pavia Santurce, 2013 U.S. Dist. LEXIS 57347 (D.P.R. 2013), the plaintiffs failed to prosecute an action diligently. When the defendants filed a motion to dismiss, the plaintiffs filed a "putative response" to the motion "arguing – in one sentence devoid of citations, legal authorities, and reference to the record – the Court should deny the motion to dismiss". Id. at *3. The court held that the "perfunctory" response was not sufficient. The court deemed the motion unopposed and granted it.

Similarly, in United States v. Pinsky, 2011 U.S. Dist. LEXIS 35449 (D.N.J. 2011), when a defendant failed to respond to a complaint, the plaintiff obtained entry of default. When the defendant filed a motion for default judgment, the defendant filed a one sentence brief to oppose entry of judgment and vacate the default. However, the district court found the one sentence brief to be entirely inadequate and so the court granted the request for entry of default judgment. See also, Flat Rate Movers, Ltd. v. FlatRate Moving & Storage, Inc., 104 F.Supp.3d 371, 377 (S.D.N.Y. 2015) (stating that a brief filed in opposition to a motion for summary judgment "lacks substance" because it consisted of "only a brief that cites no cases, a conclusory declaration, and irrelevant attachments"); Kost v. Kozakiewicz, 1 F.3d 176, 182 (3rd Cir. 1993) (holding that "casual mention of an issue in a brief is cursory treatment insufficient to preserve the issue . . ." and refusing to consider an argument made "in passing in a short footnote in their opening brief, without argument or relevant citation.").

As the First Circuit Court of Appeals aptly stated: "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not enough to merely mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones . . . 'Judges are not expected to be mindreaders. Consequently, a litigant has an obligation 'to spell out its arguments squarely and distinctly,' or else forever hold its peace.'" United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

1   Similarly, in United States v. Alonso, 48 F.3d 1536, 1544 (9th Cir. 1995) the Ninth Circuit cited Zannino with approval and stating that "an issue 'adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation'" is insufficient.  The Ninth Circuit declined to consider perfunctory and undeveloped arguments.

Therefore, the motion to dismiss the chapter 13 case is effectively unopposed and applicable caselaw supports the motion.  Failing to make plan payments timely is a classic basis for dismissal of a chapter 13 case and the case of In re McDonald, 118 F.3d 568 (7th Cir. 1997) is on point.  In that case, the bankruptcy court dismissed a chapter 13 case in which the debtor was ten days late making the first plan payment.  The Seventh Circuit Court of Appeals affirmed and noted that the debtor offered no explanation for the late payment.  Likewise, the Debtor in this case did not offer any explanation for the untimeliness which appears to be greater than the untimeliness in McDonald.

Other cases are consistent with the McDonald decision.  For example, the Bankruptcy Appellate Panel for the Ninth Circuit ruled similarly and cited McDonald with approval in Zapata v. United States Trustee (In re Zapata), 2012 Bankr. LEXIS 4647, *14-16 (9th Cir. BAP 2012) (affirming a bankruptcy court which dismissed a chapter 13 case because the debtors failed to make plan payments and denying a motion to vacate that dismissal order, stating that the "[f]ailure to make the payments required by § 1326(a) is a sufficient ground for dismissal of the chapter 13 case . . . [and] even a ten-day delay in commencing payments, without adequate explanation, was grounds for dismissal of a chapter 13 petition . . . . [Therefore], [b]ecause Debtors have not established that the bankruptcy court erred in its dismissal order, the court did not abuse its discretion in denying reconsideration of that dismissal order."). See also In re Sando, 30 B.R. 474 (E.D. Pa. 1983)[1]; Rodriguez v. Banco Popular de Puerto Rico (In re Rodriguez),

---

[1] In Sando, the chapter 13 debtors fell behind in making two plan payments to the chapter 13 trustee.  Given the two-month arrearage, the chapter 13 trustee filed a motion to dismiss the case.  The debtors opposed and offered to "pay the trustee the amount owed to that date." Id. at 476.  The debtors offered a full cure of the missing two months of payments.  The bankruptcy court rejected this suggestion and dismissed the case due to the failure of the debtors to make the payments timely.  The bankruptcy court "did not find this offer to be a sufficient basis for denying the trustee's motion." Id.

On appeal, the district court affirmed.  The district court stated that the "bankruptcy court acted within its discretion in not permitting Sando to attempt to comply with the statute and the debtor's plan at such a late juncture."

516 B.R. 177 (1st Cir. BAP 2014)[2]; Bernegger v. King, 2011 U.S. Dist. LEXIS 67716 (E.D. Wis. 2011)[3]; In re Dorff, 480 B.R. 919 (Bankr. E.D. Wis. 2012)[4]; Monte Carlo Cruise Concessions, Inc. v. Lassman, 2005 U.S. Dist. LEXIS 2155 (D.Mass. 2005)[5]; see also LBR 3015-1(k)(4) ("Dismissal or Conversion for Non-Payment. If the debtor fails to make a plan payment, this case may be dismissed or converted to a case under chapter 7.").

Failing to make plan payments timely without explanation is a basis for dismissing the case. In response, the Debtor has (in effect) asked the Court to not enforce the deadlines to make payments. However, the Court is uncomfortable with this request because the appellate courts regularly enforce deadlines in bankruptcy cases.

---

Id. The district court noted that the obligation of the debtors under the chapter 13 plan "to make regular payments . . . is clear and unequivocal." Id. Consequently, the failure to make those payments timely was sufficient grounds for dismissal of the case even in the face of the debtors offering to make the missing payments late.

[2] In Rodriguez, the chapter 13 debtors filed a bankruptcy case but failed to pay the filing fee timely and, in response, the bankruptcy court dismissed the case. The debtors then paid the filing fee and filed a motion to vacate the dismissal order. The bankruptcy court denied the motion to vacate the dismissal order even though the filing fee had been paid. The debtors then appealed that denial order and several other orders. The appellate court affirmed one of the orders and dismissed the appeal as to all the other orders due to the failure of the debtors to timely appeal them. Thus, the case was dismissed due to untimely payment of the filing fee (even though the fee was eventually paid).

[3] In Bernegger, a chapter 13 debtor failed to make plan payments, which resulted in dismissal of the case. The debtor filed a motion to reinstate the case, but the bankruptcy court denied the motion and the district court affirmed. The district court treated the debtor's motion as a motion to vacate the dismissal order pursuant to Rule 60(b) and denied it.

In that case, the debtor also failed to pay the appellate filing fee. As a result, the district court issued an order to show cause setting a deadline for payment of the filing fee (May 20, 2011). The debtor missed this deadline and did not pay until three weeks later (on June 10, 2011). The district court held that dismissal of the appeal was appropriate for this reason alone. The district court stated: "In this case, Bernegger was given ample opportunity to comply with the court's order regarding payment of the filing fee, yet the payment of the filing fee was still accomplished in an untimely fashion. As such, dismissal of his appeal, based on this fact alone would be warranted." Id. at *2.

[4] In Dorff, the court set a deadline for the debtor to pay the filing fee. When the debtor did not comply, the court dismissed the case. The debtor then filed a motion to vacate the dismissal order and, at the same time, the debtor paid the filing fee. The debtor paid the fee, however, twenty-one days after the deadline. As a result, the court denied the motion to vacate the dismissal order (even though the full filing fee had been paid). The court found that the debtor had not established a basis for relief under Rule 60(b). Id. at 923 ("These circumstances do not provide 'clear and convincing evidence' that the Debtor committed a 'mistake' entitling her to the 'extraordinary remedy' contemplated in Rule 60(b). Further, the Debtor's neglect is not 'excusable.'").

[5] In Monte Carlo, a bankruptcy court entered an order which a party appealed. When filing the notice of appeal, however, the appellant did not pay the filing fee. The bankruptcy court entered an order requiring payment, but the appellant paid the fee twenty-five days late. The appellee filed a motion to dismiss which the bankruptcy court granted. The appellant filed a motion to reconsider which the bankruptcy court denied. On appeal, the district court affirmed the dismissal of the appeal even though it constituted a "harsh and drastic sanction." Id. at *10.

1  It has been said that "[t]he law favors the diligent and punishes the sluggards." Hines v. Driver, 100 Ind. 315, 321 (Ind. 1885). Creditors and bankruptcy trustees often bear the brunt of such thoughts. Courts often remind creditors that "the law favors diligent creditors." Shepler v. Whalen, 119 P.3d 1084, 1090 (Colo. 2005); In re Welch, 2015 Bankr. LEXIS 17, *13 (9th Cir. BAP 2015) (affirming a bankruptcy court that denied an untimely motion by creditors and stating "equity assists the vigilant and diligent, not those who sleep on their rights"); Myers v. Mott, 29 Cal. 359, 375 (Cal. 1866) ("The law favors the diligent, and not those who sleep on their rights."); In re GSYS Enterprises, 343 B.R. 568, 571 (Bankr. N.D.Tex. 2006) ("It is a familiar maxim that equity favors the diligent and not those who sleep on their rights.").

The volumes and pages of the Bankruptcy Reporter teem with cases involving creditors who fail to timely perfect a lien and, as a consequence, regularly find their liens avoided under the weight and power of a bankruptcy trustee's strong-arm powers or other avoidance powers. See, e.g., In re Keidel, 613 F.2d 172 (7th Cir. 1980) (affirming a bankruptcy court that voided a lien of a creditor who failed to perfect its lien timely and mentioning the "strong policy favoring diligence in perfection"). For example, in Fidelity Financial Services, Inc. v. Fink, 118 S.Ct. 651 (1998) a debtor bought a car and financed the transaction. The lender, however, was one day late in perfecting the lien against the car. It perfected the lien twenty-one days after the purchase but the deadline was twenty days. Even though the creditor missed the deadline by only one day, the bankruptcy court avoided the lien. The district court, the court of appeals and the Supreme Court affirmed.

The Ninth Circuit Court of Appeals ruled similarly in USAA Federal Savings Bank v. Thacker, 599 F.3d 880 (9th Cir. 2010). In that case, another car lender missed the deadline for perfecting a car lien by a single day. Following the Supreme Court in Fink, the Ninth Circuit held the security interest was avoidable.

  Bankruptcy courts and appellate courts repeatedly encourage creditors and trustees to act diligently.  For example, in 1992 the Supreme Court ruled against a bankruptcy trustee who did not act timely and the court stated that "[d]eadlines may lead to unwelcome results, but they prompt parties to act and they produce finality." Taylor v. Freeland & Kronz, 503 U.S. 638 (1992).  Likewise, about twenty years later, the Ninth Circuit ruled against a creditor that missed a deadline by only twenty-six minutes and stated the following: "The humorist Douglas Adams was fond of saying, 'I love deadlines.  I love the whooshing sound they make as they fly by.'  But the law more often follows Benjamin Franklin's stern admonition: 'You may delay, but time will not.'  To paraphrase Émile Zola, deadlines are often the terrible anvil on which a legal result is forged." Anwar v. Johnson, 720 F.3d 1183, 1184 (9th Cir. 2013).

  In Taylor, a debtor asserted an exemption in an asset that was completely invalid.  The asserted exemption had no basis in law.  However, the creditors and the trustee failed to object timely.  When the trustee filed a late objection, the Supreme Court ruled that the objection must fail because it was untimely even if the claim of exemption was meritless.  As a result, the debtor was able to retain an asset as exempt even though the exemption was entirely invalid simply because the trustee had not filed the objection by the designated deadline.

  Similarly, in Anwar, several creditors filed a complaint objecting to the discharge of a debt twenty-six minutes after the deadline.  Counsel for the creditors had some computer problems and narrowly missed the midnight deadline to file the complaint.  The complaint was filed at 12:26 a.m. the day after the deadline and the Ninth Circuit ruled that the complaint must be dismissed due to untimeliness. Anwar, 720 F.3d at 1189.

  In reaching this decision, the Ninth Circuit followed numerous prior cases in which complaints filed late by creditors have been dismissed.  Indeed, the Bankruptcy Appellate Panel for the Ninth Circuit ("BAP") has considered many of these types of cases and, in the process, has consistently refused to excuse untimeliness by creditors under virtually every conceivable set of facts.  The BAP has repeatedly rejected complaints by creditors filed late by merely three days,[6]

---

[6] Schunck v. Santos (In re Santos), 112 B.R. 1001, 1009 (9th Cir. BAP 1990). See also Classic Auto Refinishing, Inc. v. Marino (In re Marino), 143 B.R. 728 (9th Cir. BAP 1992) (court dismissed a complaint filed

two days,[7] and a single day.[8]  The BAP has refused to rule in favor of creditors even when strong equitable grounds have been presented such as when a natural disaster interfered with the creditor's ability to comply with the deadline.[9]

Bankruptcy courts and appellate courts regularly enforce deadlines against creditors and trustees.  Creditors and trustees often lose legal rights (permanently) when they miss a deadline by a day or two (or even twenty-six minutes).  Bankruptcy courts routinely expect creditors and trustees to act timely.

If courts intend to treat debtors and creditors equally in bankruptcy cases, then they must enforce deadlines evenly.  Deadlines pertaining to actions by debtors must be enforced as readily as deadlines that affect trustees or creditors.  To do otherwise would constitute bias in favor of debtors.  Courts need to avoid taking steps or other actions that would give debtors better treatment when missing deadlines than creditors or trustees.

In addition, it should be noted that enforcing the deadlines in this case would have far less impact on the Debtor than enforcement of other deadlines has upon creditors and trustees.  As demonstrated in Taylor, when a trustee misses a deadline to object to an exemption, the consequence is permanent.  The trustee never has another opportunity to object to the exemption.  The asset belongs to the debtor irrevocably.

---

ten days late); Stackhouse v. Hudson (In re Hudson), 73 B.R. 649 (9th Cir. BAP 1987), rev'd on other grounds, 859 F.2d 1418 (9th Cir. 1988) (BAP rejects an action asserted seventeen days late).

[7] The BAP has often rejected complaints filed by creditors two days late. Moody v. Bucknum (In re Bucknum), 105 B.R. 25 (9th Cir. BAP 1990); Merenda v. Brown (In re Brown), 102 B.R. 187 (9th Cir. BAP 1989); Loma Linda Univ. Medical Ctr. v. Neese (In re Neese), 87 B.R. 609 (9th Cir. BAP 1988).

[8] Buckeye Gas Prod. Co. v. Rhodes (In re Rhodes), 71 B.R. 206 (9th Cir. BAP 1987).

[9] Merenda v. Brown (In re Brown), 102 B.R. 187 (9th Cir. BAP 1989).  In Brown, a major wildfire raged during the week immediately prior to the filing deadline.  The fire burned 33,000 acres and destroyed 160 homes.  The affected areas were declared disaster areas by both state and federal governments.  During the fire, the creditor was forced to evacuate her home. Both of her attorneys, as volunteer firemen, were involved in 'fire suppression activities' during a portion of the week before the filing deadline.  Nevertheless, both the bankruptcy court and the BAP dismissed the dischargeability complaint filed two days late. Id.

Likewise, when a creditor misses the deadline to object to discharge or the dischargeability of a debt, the dismissal of the late filed complaint is effectively with prejudice. The creditor never has another opportunity to file an objection. The opportunity to object to discharge or to the dischargeability of debt is lost permanently.

Not so in this case. If the motion is granted and this case is dismissed, there would be no bar to re-filing.

### III.  CONCLUSION.

In conclusion, the Court notes that it has very few available tools for enforcing deadlines in chapter 13 cases. When debtors do not abide by deadlines, the Court can either (1) ignore the deadlines, (2) sanction the debtor or counsel or (3) dismiss the case. Therefore, if deadlines are to be enforced, then only the latter two remedies exist (sanctions or dismissal) and, as between the two, the Court finds that dismissal is far preferable to sanctioning. And while the local rules specifically empower the Court to dismiss this chapter 13 case with a bar to re-filing, the Court is not doing so in this case.

Accordingly, the Court shall enter a separate order dismissing the case.

IT IS SO ORDERED.

###

Date: February 23, 2023

Wayne Johnson
United States Bankruptcy Judge